In The Court of Criminal Appeals
of Texas

48,837-05

MOTION DISMISSED
DATE: 3-19-15
BY: PC

Ex parte

Alfred Henderson

Applicant

§
§
§
§
§
§
§

In The 177th District

Court of Harris County

Texas

Case No. 1286281-A

Applicants Motion for Specific Performance of Plea Agreement, Motion to Set Aside Judgment And Conviction by trial Court.

To the honorable Judges of said Court:

Now Comes Alfred Henderson, Applicant Pro-se presents to this court this motion described Above, pursuant to Texas Rules of Appellate procedures Rules 22, 72. to Specifically to move this court to Enforce the plea Agreement In which At trial Court Applicant Entered A plea of guilty and Judicial confessions based on the promise And Inducement of a plea Agreement that makes him now Entitle to Relief from that Judgment And Confinement As A matter of law, because Applicant guilty plea is unlawful And was not given Voluntarily and knowingly when based on a promise the State did not Keep. In Support of Applicant will show just cause As to why this court Should Enforce Specific performance or Entitle Applicant to withdraw his plea.

(1)

## STATEMENT OF PLEA AGREEMENT

ON November 28, 2012 Applicant entered into a plea bargain agreement with the state whereby Applicant agreed to a lesser punishment of Robbery and waived his right to confront witnesses and a jury trial in exchange for punishment to be assessed at two years and time served and a timely revocation hearing regarding parole. The Judge agreed to this plea agreement and gave Applicant credit for all the time confined in County Jail. However and of the contrary Applicant was wrongly sent to Texas Department of Criminal Justice (TDCJ). In a written affidavit by (TDCJ) officer over Records Mr. Charley Valdez certified to be true and submitted to trial court that Applicant discharged the two year sentence on January 1, 2013. Applicant filed a habeas corpus writ 11.07 on December 28, 2012. In March of 2013 Applicant was given a two year set off as a result of the unlawful two year sentence. In which the parole board use the two year sentence and conviction as a factor for a reason for this two year set off.

### Standings and Arguments

Applicant contends he has standing to argue and object to the unlawful plea agreement

(2)

that was not keep by the State. Applicant further points out that his plea was not knowingly and voluntarily made but was base on the inducement and unkept promise made by the State. See Ex Parte Battle 817 S.W2d. 81, 83 (Tex App. 1986) Applicant contends that where a plea of guilty has been entered to a plea agreement at trial and the Judge has accepted the Plea the Applicant is entitle to specific enforcement of the agreement if it can be enforced or if not enforceable Applicant can withdraw his plea. See Perkins vs. Court of Appeals 738 S.W2d. 276 (Tex App. 1987). Also See Gibson v. State 803 S.W2d. 316 (Tex. App. 1991) this court held that when prosecutor erroneously failed to enforce plea Agreement on grounds that it was void, defendant was entitled to have Plea Agreement specifically performed Rather than having the Plea withdrawn where defendant had already served substantial portion of his Sentence under guilty Plea.

## REQUESTED RELIEF

Wherefore these reasons presented above Applicant seeks to move this Court for Relief and to Order Specific performance of the Plea Agreement made at trial court And to set aside the trial courts Judgment And Conviction and Immediate Release of Applicants to suffer no more set offs by...

(3)

Parole board and other relief this court deems appropriate.

Respectfully Submitted

/s/ Alfred Henderson

Alfred Henderson

TDCJ No. 714885

## CERTIFICATE OF SERVICE

I, Alfred Henderson do hereby declare that a true and correct copy of this Motion was served by placing the same in a U.S. Mail Box Executed on this 14 day of Feb. 2015 Address to clerk of court listed below.

Abel Acosta, Clerk
Court of Criminal Appeals
P.O. Box 12308 Capitol Station
Austin Texas 78711

/s/ Alfred Henderson

Alfred Henderson
TDCJ No. 714885
C.T. Terrell Unit
1300 F.M. 655
Rosharon Texas 77583

Eva Flores
Assist. District Attorney
Harris County Texas
1201 Franklin 6th Floor
Houston, Texas 77002

Pro-Se